IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01651-CNS-MEH

THERESA GARCIA,

    Plaintiff,

v.

DENVER HEALTH MEDICAL CENTER,

    Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Viewing the Complaint (ECF 1) in this case broadly, Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Colorado Anti-Discrimination Act ("CADA") for reverse discrimination (white), retaliation, and hostile work environment; and for age discrimination under CADA (and presumably under the Age Discrimination in Employment Act, or ADEA, although not specifically cited in the Complaint). Defendant has moved to dismiss the Complaint. ECF 15. Based on the following, the Court respectfully recommends the Motion to Dismiss be **granted in part and denied in part,** but that Plaintiff be given leave to amend her Complaint.

### BACKGROUND

For purposes of this order, the Court accepts as true the factual allegations—but not any legal conclusions, bare assertions, or conclusory allegations—that Plaintiff raises in her Complaint. *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (accepting as true a

plaintiff's factual allegations for purposes of Fed. R. Civ. P. 12(b)(6) analysis). "A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal." *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991). The Court will also consider the document attached to the Complaint at ECF 1-2.

Plaintiff alleges race- and age-based discrimination, retaliation, and hostile work environment in violation of Title VII, 42 U.S.C. §§ 2000e-2(a) & (m); CADA, Colo. Rev. Stat. § 24-34-402, and presumably the ADEA, 29 U.S.C. § 623. As a white Caucasian woman aged 57 years old, Plaintiff claims reverse race-based and age-based discrimination. Compl., ECF 1 at ¶ 4. Throughout her employment at Denver Health Medical Center, Plaintiff alleges that she was treated differently than her younger Hispanics colleagues. *Id.* ¶ 12. Younger Hispanic employees received better work assignments and were held to a lower uniform and attendance standard than Plaintiff. *Id.* ¶¶ 11, 12, 21. Younger Hispanic employees at Denver Health were also awarded time off to receive their Covid vaccines, whereas Plaintiff was denied time off for the same. *Id.* ¶ 25.

Plaintiff also claims that she was subjected to a hostile work environment and retaliation after filing her Equal Employment Opportunity Commission ("EEOC") charge. ECF 1-2 at 8. She alleges her Hispanic management and colleagues routinely called her "Ancina Blaca" meaning "Old While Lady" in Spanish and "T" referring to "trouble." Compl. at ¶¶ 14, 16. Hispanic management also required Plaintiff to learn Spanish as part of her job and to watch Spanish TV. *Id.* ¶ 15. Eventually, Plaintiff reported the above instances to the EEOC. *Id.* ¶ 22. After Defendants became aware of the charges, Plaintiff was only allowed a thirty-minute lunch break for her ten-hour shift and was not given a set work schedule. ECF 1-2 at 9, 10. Plaintiff was excluded from employee functions and segregated. Compl. at ¶ 27. Finally, Hispanic management wrongfully deducted points from Plaintiff's "QA" performance. *Id.* ¶ 26.

**STANDARD OF REVIEW**

**I.      Dismissal under Fed. R. Civ. P. 12(b)(6)**

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of a plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that a plaintiff pleads facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. *Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Iqbal*, 556 U.S. at 679–80. Second, a court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, then the claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require a plaintiff to establish a *prima facie* case in a complaint, the elements of

3

each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action;" "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.*

## II.     Dismissal of a *Pro Se* Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).  The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, this interpretation is qualified in that it is not "the proper function of the district court to assume the

4

role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## ANALYSIS

Under Title VII and CADA, it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or . . . limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a); Colo. Rev. Stat. § 24-34-402. Similarly for age discrimination, the ADEA and CADA prohibit age-based employment discrimination. 29 U.S.C. § 623; Colo. Rev. Stat. § 24-34-402. Defendant argues that Plaintiff's Complaint does not allege an adverse employment action to support her claims of race- and age-based discrimination, a hostile work environment, and retaliation. Mot. at 4, 8, 11.

An employment discrimination plaintiff, like the Plaintiff here, may prevail by either providing direct evidence of discrimination or by proving all the elements of the prima facie case for employment discrimination as described in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802 (1973). *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Id.*


**I.       Reverse Race-Based & Age-Based Discrimination**

The prima facie case for race-based discrimination under Title VII, requires the plaintiff prove "(1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination." *McGowan v. Bd. of Trustees for Metro. State Univ. of Denver*, 114 F. Supp. 3d 1129, 1137 (D. Colo. 2015), *aff'd*, 645 F. App'x 667 (10th Cir. 2016). Similarly for age-based discrimination, plaintiffs must show they "(1) are a member of the class protected by the ADEA, (2) suffered an adverse employment action, (3) were qualified for the employment position at issue, and (4) were treated less favorably than others not in the ADEA protected class." *Roberts v. Winder*, 16 F.4th 1367, 1386 (10th Cir. 2021). The same standards apply to claims under CADA. *Larson v. United Air Lines*, 482 F. App'x 344, 351 (10th Cir. 2012); *Bevins v. First Nat'l Bank of Omaha*, No. 20-cv-00557-RM-NYW, 2020 WL 9257255, at *2 (D. Colo. July 27, 2020), *report and recommendation adopted*, 2020 WL 9257256 (D. Colo. Aug. 12, 2020) ("Because CADA parallels federal anti-discrimination statutes like the ADEA, courts analyze claims under those two statutes under the same standards"). In lieu of proving membership in a protected class, a plaintiff claiming reverse race-based discrimination must either "establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority," *Notari v. Denver Water Dep't*, 971 F.2d 585, 589 (10th Cir. 1992), or allege that but-for the plaintiff's status, the discrimination would not have occurred, *Taken v. Oklahoma Corp. Comm'n*, 125 F.3d 1366, 1369 (10th Cir. 1997).

Defendant argues that Plaintiff does not sufficiently allege an adverse employment action because she does not provide factual support for the allegation that she "was rejected a promotion." Mot. at 5 (quoting Compl. at 5). An adverse employment action could be any number of

consequences, including "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998). To determine what constitutes an adverse employment action, one must consider the "unique factors relevant to the situation at hand." *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 532 (10th Cir. 1998).

Here, Plaintiff alleges that she was held responsible for the mistakes of younger Hispanic employees, received "QA" performance deductions, wrongfully made the subject of an Accountability Based Performance write up, and was denied better working hours. Compl. at ¶¶ 23, 24; ECF 1-2 at 1, 3, 4, 6. In the summary section of the Complaint, she also alleges that she was denied a promotion. Compl. at 5. However, it is unclear from the Complaint whether the promotion to which Plaintiff refers was simply better working hours or a transfer between departments, and whether the denial alleged came after she filed her EEOC charges. The Tenth Circuit "will not consider 'a mere inconvenience or an alteration of job responsibilities' to be an adverse employment action." *Sanchez*, 164 F.3d at 532 (quoting *Crady v. Liberty Nat. Bank & Tr. Co. of Indiana*, 993 F.2d 132, 136 (7th Cir. 1993)). Additionally, Plaintiff admits that she qualified for a 2% raised in her yearly review. Compl. at ¶ 29. Therefore, the Court finds that Plaintiff has not plausibly alleged an adverse employment action. Failing to suggest any evidence of direct discrimination either, the Court recommends Plaintiff's claims for reverse race-based discrimination and age-based discrimination be dismissed without prejudice. *See Ballage v. Hope & Home*, No. 21-cv-01320-PAB-KMT, 2022 WL 3716519 (D. Colo. Aug. 29, 2022), *report and recommendation adopted*, 2022 WL 4290471 (D. Colo. Sept. 16, 2022).

### III.     Hostile Work Environment

Plaintiff also claims that she suffered from a hostile work environment due to her race. Compl. at ¶ 16.  To prevail on a claim of hostile work environment, the Plaintiff must prove "under the totality of the circumstances (1) the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment, and (2) the harassment was racial or stemmed from racial animus*." Bloomer v. United Parcel Serv.*, Inc., 94 F. App'x 820, 825 (10th Cir. 2004) (quoting *Witt v. Roadway Exp.*, 136 F.3d 1424, 1432 (10th Cir. 1998)).  "A plaintiff must produce evidence to show that the workplace was 'permeated with discriminatory intimidation, ridicule, and insult . . . sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment.'" *Id.* (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998)).

As noted above, Plaintiff alleges that she was continuously called "Ancina Blaca," meaning "Old White Lady" and "T," referring to "trouble"; Hispanic management required her to watch Spanish TV and set yearly goals for her to learn Spanish; and that she was segregated from other employees and excluded from team events. *Id.* ¶¶ 14, 16, 27.  Defendant argues that Plaintiff's allegations lack factual support. Mot. at 10. However, this argument applies a higher pleading standard than is required for an employment discrimination claim under Title VII. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002). Plaintiff may survive a motion to dismiss by simply pleading "a short and plain statement of the claim showing that the pleader is entitled to relief," and she need not plead specific facts to establish a prima facie case. *Id.* at 512-13 (quoting Fed. R. Civ. P. 8(a)(2)). The "prima facie case . . . should not be transposed into a rigid pleading standard for discrimination cases." *Id.* at 512.

8

Defendant also argues that Plaintiff's failure to alleges facts to support the prima facie case for discrimination causes her hostile work environment claim to fail as well. However, Defendant cites no authority to this end. Considering the "perspective of a reasonable person in the [P]laintiff's position" and the frequency of the above instances of harassment, the Court finds that Plaintiff sufficiently pleaded a claim for hostile work environment in violation of Title VII. *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1170 (10th Cir. 2007). Here, Plaintiff describes a "steady barrage of opprobrious racial comment[s]." *Chavez v. New Mexico*, 397 F.3d 826, 832 (10th Cir. 2005) (quoting *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1412 (10th Cir. 1987)). The Court recommends this claim not be dismissed.

**VI.    Retaliation**

Under Title VII and CADA, it is also unlawful for an employer to retaliate against an employee for opposing unlawful discrimination. 42 U.S.C. § 2000e–3(a); C.R.S. § 24-34-402(1)(e)(IV). "To state a prima facie case of retaliation, [Plaintiff] must demonstrate that: (1) she engaged in protected opposition to discrimination; (2) [Defendant] took an adverse employment action against her; and (3) there exists a causal connection between the protected activity and the adverse action." *Stover v. Martinez*, 382 F.3d 1064, 1071 (10th Cir. 2004) "By its very nature, retaliatory conduct must come *after* the protected activity." *Kenfield v. Colorado Dep't of Pub. Health & Env't*, 557 F. App'x 728, 733 (10th Cir. 2014) (citing *Marx v. Schnuck Markets*, Inc., 76 F.3d 324, 329 (10th Cir. 1996)). There exists a causal connection to satisfy the third element of retaliation "when the adverse action occurs on the heels of protected activity, such a circumstance would be limited to matters occurring within days, or at most, weeks of each other." *Hennagir v. Utah Dep't of Corr.*, 587 F.3d 1255, 1266 (10th Cir. 2009).

Here, Plaintiff alleges that she filed a "Wage and Hour Complaint" on December 1, 2020. Compl. at ¶ 8. She also alleges that her employer brought up her EEOC charges during a meeting on May 24, 2021. *See* ECF 1-2 at 9. After that meeting, she alleges that she was only allowed a thirty-minute lunch for a more than ten-hour shift and was denied better working hours. *Id.* at 9-10. However, as the Court has already noted, "mere inconveniences or alterations of job responsibilities do not rise to the level of an adverse employment action." *Stover*, 382 F.3d at 1071. She also alleges that she wrongfully received "QA" performance deductions. *Id.* at 11. Even if the Court were to consider the deduction in Plaintiff's "QA" performance an adverse employment action, her yearly evaluation occurred months after Defendant discussed Plaintiff's EEOC charges. *See* ECF 1-2 at 8, 11. Therefore, the Court recommends Plaintiff's retaliation claim be dismissed.

## IV.   Leave to Amend

Tenth Circuit precedent holds that "dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend.'" *Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)). Here, the Court does not believe that allowing amendment would necessarily prove futile. For instance, Plaintiff may be able to provide details regarding any promotion or better work assignments that she may have sought and was denied based on age and race, or any other concrete allegations of adverse employment actions. Therefore, in the interests of justice and for lack of obvious futility, the Court recommends granting Plaintiff leave to amend her pleading.

## CONCLUSION

Accordingly, the Court respectfully recommends **granting in part and denying in part** the Motion to Dismiss [filed October 17, 2022; ECF 15].[1] The Court recommends that Plaintiff's discrimination and retaliation claims under Title VII, CADA, and the AEDA be dismissed without prejudice but that Plaintiff be given leave to file a first amended complaint on or before January 17, 2023. The Court recommends Plaintiff's hostile work environment claim not be dismissed.

Entered this 3rd day of January, 2023, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).